The next case on the calendar is United States v. Stevenson. Good morning. If it may please the court, my name is Frank Bogolsky and I represent Taiwan Stevenson. We are here today for a bail review. My client, Mr. Stevenson, has been in custody for approximately 17 months and 10 days awaiting trial. The case before the court has been recently indicted by the prosecution. I wanted to disclose that to the court on a 924C. Some of the arguments that I make relative to the indictment may not be applicable. However, my concern with the government in bringing the indictment now is that there will be further delays in the case. They argue that my client possessed 25 grams or less of marijuana. And so there'll be more litigation relative to this case. Right now- There's a cocaine possession charge too, isn't there? There's a charge for that, but I don't believe any cocaine was found in his apartment. That's my understanding through the discovery that I've reviewed that no cocaine was found. The counts I had noted are possession of cocaine base with intent to distribute, possession of marijuana with intent to distribute, maintaining a drug involved premises, possession of firearms and furtherance of drug trafficking, and possession of an unregistered short barrel shotgun. That's the new indictment, is that correct? Yes, that's correct. And the facts that I understand them to be is that there was a search warrant conducted, and I reviewed all the prior discovery, also the complaint, and that there was marijuana found. But you're correct, Judge, those are the counts before the court. But what my concern is, and we've had this in the Western District, and this court has decided these issues before in Tagano, although that was a longer period of detention, is that this delay should be attributable to the government when it comes to the issue of bail. Because the case itself is almost two years old. It began in June of 2017, and now there'll be likely a new scheduling order in place. There still haven't been any hearings conducted. My client has been, like Tagano, he has been sent for a competency evaluation. And that was ordered by Magistrate Judge Romer in February. Now we're halfway through May, and he hasn't been at the last couple court appearances because of the fact that he's been transported through the marshals. So my concern here is significant, because let's say a new scheduling order is put in place. There's been no evidentiary hearings. It could be three years before we have a trial on this matter. So what I'm asking the court to do, I know there's been a new indictment. But to consider that indictment in the context of this case being two years old is to release Mr. Stevenson. Well, it's an unusual procedural history in this case, in that your client pled guilty in December. He was, and didn't move in December 2017, and didn't move to withdraw his guilty plea until August 2018. Yes, he pled guilty. He had, David Adelman had represented him prior to me taking on the case. And Judge Arcaro allowed the government, or allowed my client to withdraw his plea. But even then, the government could have indicted the case back in December when he was permitted to vacate his plea. I had put together a timeline, and the plea was vacated December 10th, 2018. Now, the indictment was filed May 15th, 2019, so five months have passed, where the case could have been presented to a federal grand jury maybe in January or December. So those are delays that I attribute to the government, because if he's permitted to withdraw his plea, which he was, then why not indict it right then and there? Well, I mean, a criminal defendant cannot be prosecuted via information without his consent. Wasn't your client at the time allocuted as to whether or not he wished to proceed by way of information? Yes, Judge, there was an allocution relative to that. The concern here is my client has an IQ of about 35. So there are some cognitive issues relative to him understanding whether it was a knowing, voluntary, intelligent waiver. But yes, there was an allocution, and I think Judge Arcaro's basis for allowing him to vacate the plea was the plain language of the information. Because it's a specific intent crime, and there was nothing in there indicating that he knew that the barrel in question was more than 18 inches. So- There was no issue concerning his cognitive abilities, concerning his ability to waive indictment. At that time, I do not think so, but I believe that Mr. Adelman, and he's, Mr. Adelman retained Dr. Cervantes to have my client evaluated relative to that. That was an issue, I believe, that was raised before the district court after to allow him to vacate the plea. But I don't think it was raised by his attorney, Mr. Comerford, at the time in which the plea was taken. Thank you. Thank you. May it please the court. My name is Jerry Linehan. I represent the United States. I'm with the Western District of New York with the US Attorney's Office. I was recently admitted to the Second Circuit. It's a privilege to be here, and thank you for having me. When this court looks at the underlying record, the record that Judge Romer, the magistrate, considered, the record that Judge Arcaro, the district court, considered, is left with the only conclusion that this defendant must be detained pretrial. When you look at the factors as set forth in Title 18, United States Code 3142G, there simply is no condition or combination of conditions that will adequately protect society or assure the defendant's appearance as required. Likely the most important and compelling factor would be the history and characteristics of this defendant. Mr. Stevenson is somebody who has been arrested 11 times. He has seven convictions. He has a history of violence. He has assaults in his record. He has domestic violence in his record. He has orders of protection of six, I've counted, in his record. Can I ask you, does he have a felony conviction? He does. But why does it matter what the length of the barrel is? He's not supposed to have a gun at all, is he? There isn't, the 922G does not apply here. Why not? Under, we looked at it from what he pled guilty to under the domestic violence. Maybe I'm a smoke, maybe I'm incorrect that he does, maybe he potentially doesn't have a felony. But we looked at it from a domestic violence standpoint. And although he does have domestic violence convictions, what he pled, or I'm sorry, what he has charges. But he pled guilty to a resisting arrest in connection with the domestic violence. So that conviction would not count under 922G. Let me ask you this, he also, there was reference made to another gun that was seized at the time of the search warrant? Correct. Why can't that gun be the basis of a prosecution? It is now. And that's part of the 924C charge that the grand jury returned. The 924C charge is based on the two guns. The 9mm that was recovered in his apartment, as well as the short barrel shotgun that was recovered in his apartment. Mr. Stevenson, as this court is well aware, between 2009 and 2017, he has 11 bench warrants that have been lodged against him. He continuously fails to appear to court when required. He violates his conditions of release continuously. He has eight arrests while he has been on bail for previous offenses. He also has a history of mental illness. And this was addressed initially when he was brought to court. And Judge McCarthy originally ordered a condition that he was to go through his mental health treatment and his counseling. And of course, he didn't. He failed to comply with that condition. He failed to make his appointments. He failed to take his medication as required. He has a tenuous history of his employment. He abuses narcotics. So when you look at the history of this defendant, and you look at the charges that he's now facing. And granted, Judge Arcaro and Judge Romer were just looking at the short barrel shotgun charge. The nature and circumstances of this offense is one in that the defendant is wielding a short barrel shotgun in the middle of the night in Niagara Falls in an aggressive manner as if he were about to engage in a shootout. And this is captured on video where he's ducking behind cars. A couple days later, a surveillance camera from inside of his apartment building captures this offendant in possession with a nine millimeter handgun, which I had previously mentioned. Those guns were recovered pursuant to the search warrant. The government believes that we have a very strong case when we go to the weight of the evidence. The second factor under 3142G, because he's on video with these guns, he gives a statement where he admits possessing. Quickly, are things likely to proceed now? I'm sorry, your honor? Quickly, will things proceed now? I'm glad you brought that up, because the scheduling order is in place. The return of the indictment is not going to change the procedural posture. What is the scheduling order? What does it provide? We have, the defense has filed motions. The government has filed a response brief. The Judge Romer has issued a hearing for June 24th of 2019. And we're ready to proceed on that timetable. Has he been arraigned on the indictment, or has he been away since its return and not arraigned yet? He has not been arraigned. We are scheduled to go to court this Thursday for Judge Romer to determine whether or not the defendant's competent or not. And at that time, I believe the arraignment will happen. He should be back in the Western District of New York at this point. I see my time's about to run out. Based on all the totality of the circumstances, your honors, Judge Arcaro was correct in determining that this defendant needs to be detained pre-trial. And we ask this court to uphold that determination. Thank you. Thank you. For the record, my client does not, I believe, does not have a felony record. That's why I wasn't charged in that way. He's been convicted of a couple misdemeanors. As far as the nine millimeter goes, it was found to be inoperable. That's why I was not charged. It's not, it doesn't work. So that's, he has not been, previously not been charged. He's been charged with it now, isn't he? I believe so, but my understanding is when looking at bail, the court should consider the weight of evidence when I look at what this circuit decided in Ornia, has to consider the length of detention. I do disagree with the government. I think that we do have a hearing schedule, but because there's new legal issues, I'm going to have to file new motions because there's issues that I didn't have to litigate before. And I think that when you look at the case law that the circuit has established in Togano, also in Ornia, I believe that the government is responsible for the delay because they delayed presenting the case to the grand jury. It also prejudices my client. I also disagree with the government. Was it the government that requested that your client undergo a mental evaluation? Judge, we agreed, so the government did request that, but it was done by stipulation, so. Well, that time can't be attributed against the government, can it? I don't think so, because we agreed, so it can't be. But the delays in the marshals transporting him and how long this has taken. I know Judge Romer has expressed some concerns, the magistrate's concern that's taking so long because we've had several court appearances and my client has not been there. And so we keep delaying these proceedings. But so from my perspective, I think our argument is stronger because there's going to be more delays. Because I have to file new motions on these new issues pertaining to drugs. And the judge has not considered them before, so there'll be more litigation. Had the government filed this indictment earlier, then my client wouldn't be as severely prejudiced as he is right now. How many lawyers has your client had during the course of these proceedings since 2017? Three, I'm the third one. It was Mr. Comerford, Adelman, and then myself. So I'm the third attorney that's been on the case. So there's an argument to be made that some of the delays could be attributable to him. So I would allow that. But I'm looking at this from the time frame in which he was, when the plea was vacated, the government has delayed this case by failing to present it to a grand jury. There's a very weak case. I disagree with the government. They found from every, the only discovery I have is they found less than 25 grams of marijuana, which that could easily be for personal use, it's not a significant amount of marijuana. Certainly the weight of the case is something that a magistrate judge or a district court judge can take into account in determining a bail. But in this case, and oftentimes we are working on a clean slate with respect to individuals that come before us and ask to be put on bail. But in this case, there's almost no room at the bottom of the slate. I mean, your client has a substantial and colorful history of not only offenses, but domestic violence, mental health issues, and failure to appear. I mean, it seems to be that he's a fairly poor applicant for bail. Those are, I mean, obviously the court has to consider that, but if there are delays and they're attributable to the government, he's still presumed innocent on these charges. He could have been the worst person in the world, but if the government delays the case and denies him a speedy trial, and he's prejudiced by those delays, then the court should release him. While he has been in jail, he has completed a couple classes at the Northeastern Ohio Correctional Facility. I put that in my papers, two 40-hour classes relative to drugs and also consequences. And he does have a record, but they are misdemeanors, I would point that out, no felonies. So- When did the search take place that underlies the current charges? I believe it was in June of 2017. There was a search warrant executed by Niagara Falls Police Department, and they had confiscated the two guns in question. And the, I don't know how much because there's no lab report, but under 25 grams of marijuana was described in a small plastic bag. So it's almost two years old, is the case that has been pending. From our perspective, the government should have indicted it earlier, and my client's been prejudiced. Thank you, we will take the matter under advisement, well argued by both of you. Thank you. And thank you for your patience, and it's hard being at the end of the calendar. I learned so, I've never been here before, so it's a pleasure to be here. It's good to see the procedure. Thank you very much. That's the last case on the calendar this morning to be argued, so I'll ask the clerk to adjourn court. Court is standing adjourned.